IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Blanche Wright, | ) | C/A No. 3:08-4130-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING DISMISSAL |
| | ) | |
| Richard B. Guess, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the court on the motion of defendant Richard B. Guess to dismiss plaintiff Blanche Wright's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), or in the alternative, 12(c) [dkt. # 16]. For the reasons that follow, the court grants the motion and dismisses the case.

I.  Factual and Procedural Background

Plaintiff is a former employee of the Santee-Wateree Community Health Center (the "Center"), of which defendant is the Executive Director. Plaintiff claims defendant, while acting in his individual capacity, violated 42 U.S.C. § 1983 by terminating her for exercising her constitutional right to free speech. Plaintiff filed this action on October 30, 2008, and amended her complaint on December 15, 2008. Four mouths later, on March 16, 2009, plaintiff filed a petition for bankruptcy in the United States Bankruptcy Court for the District of South Carolina. In her bankruptcy petition, plaintiff represented under penalty of perjury that she had no contingent and unliquidated claims and also failed to identify the existence of the instant lawsuit. On June 3, 2009, the bankruptcy court entered an order confirming

plaintiff's bankruptcy plan.

Defendant asserts he first learned of plaintiff's bankruptcy by way of a letter from her counsel on October 23, 2009. On November 20, 2009, defendant filed the instant motion to dismiss the complaint on the ground that the court lacks subject matter jurisdiction.

II.     Discussion

Defendant argues that the court should dismiss plaintiff's claims under Fed.R.Civ.P. 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction because plaintiff no longer has standing to sue in light of her bankruptcy petition, or alternatively, under Fed.R.Civ.P. 12(c) because they are barred by the doctrine of judicial estoppel.

The court lacks subject matter jurisdiction over an action once the plaintiff files a petition for bankruptcy. Specifically, because the plaintiff's pre-petition claims become an asset of the bankruptcy estate, the plaintiff no longer has standing to pursue them. *See, e.g.*, *Gregory v. Potter*, 275 Fed. Appx. 255, 255–56. *Glover-Parker v. Orangeburg Consolidated School District Five*, C/A No. 5:04-22938-JFA (D.S.C. Oct. 11, 2005). Because plaintiff lacks standing to pursue the claims, this court lacks subject matter jurisdiction over her. *Atlantigas Corp. v. Columbia Gas Transmission Corp.*, 210 Fed. Appx. 244, 247 (4th Cir. 2006).

Furthermore, the court finds that even if plaintiff had standing, she should be barred by the doctrine of judicial estoppel from asserting her claims. Judicial estoppel is an equitable doctrine, and the decision whether to invoke it is therefore within the court's discretion. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). Judicial estoppel is "an equitable

doctrine that prevents a party who has successfully taken a position in one proceeding from taking the opposite position in a subsequent proceeding." *King v. Herbert J. Thomas Memorial Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998). Courts apply judicial estoppel "to prevent a party from benefitting itself by maintaining mutually inconsistent positions regarding a particular situation." *Id.* "The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996).

While it appears that plaintiff, since the filing of defendant's motion to dismiss, has amended her bankruptcy petition to disclose this lawsuit, the court finds plaintiff's amendment does not save her claim from the application of judicial estoppel. Courts have repeatedly rejected the argument that judicial estoppel should not be applied when the debtor-plaintiff has attempted to remedy an omission by amending her bankruptcy filings. *See, e.g., In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) ("[The plaintiffs] cannot be permitted, at this late date, to re-open the bankruptcy proceeding and amend their petition. Judicial estoppel was designed to prevent such abuses."); *Krystal Cadillac-Olds GMC Truck v. Gen. Motors*, 337 F.3d 314, 321 (3rd Cir. 2003) ("The bankruptcy rules were clearly not intended to encourage this kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered."); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing [a plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests

that a debtor should consider disclosing potential assets only if he is caught concealing them.").

The Fourth Circuit has adopted a four-prong test to determine whether judicial estoppel should be applied in a particular case. The doctrine applies where "1) the party to be estopped [is] advancing an assertion that is inconsistent with a position taken during previous litigation; 2) the position [is] one of fact instead of law; 3) the prior position [was] accepted by the court in the first proceeding; and 4) the party to be estopped [has] acted intentionally, not inadvertently." *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998); *Calafiore v. Werner Enterprises, Inc.*, 418 F.Supp.2d 795, 796 (D.Md. 2006). In the case at bar, plaintiff contests only the fourth prong of this four prong test.

Specifically, plaintiff argues in her memorandum in opposition to defendant's motion to dismiss that she inadvertently did not disclose the lawsuit to the bankruptcy court, because she did not understand that a lawsuit is an asset and that she had no intention to hide anything from the bankruptcy court.

The doctrine of judicial estoppel does not generally apply when a prior position was taken because of a good faith mistake or genuine inadvertence. However, in the context of a bankruptcy proceeding, a debtor's failure to satisfy her statutory disclosure duty is inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *In re Coastal Plains*, 179 F.3d at 210; *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002). As defendant notes, plaintiff obviously knew of her claims since she had been litigating this matter for more than a year and had

filed her most recent complaint just three months before representing to the bankruptcy court that she had no contingent and unliquidated claims and that this lawsuit did not exist. The court finds that motive can also be inferred because plaintiff's disclosure of her lawsuit in her bankruptcy petition could have increased the amount of her assets, resulting in a less-favorable Chapter 13 plan.

Plaintiff argues that the defendant has suffered no real harm as a result of her failure to disclose this lawsuit in her bankruptcy petition. Because the doctrine of judicial estoppel "is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." *In re Coastal Plains*, 179 F.3d at 205. Therefore, the court finds application of the doctrine of judicial estoppel is appropriate in this case.

III. Conclusion

For the foregoing reasons, the court grants the defendant's motion to dismiss. The clerk is instructed to close the case.

IT IS SO ORDERED.

January 25, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge